## SUPREME COURT.

### Anson P. K. Safford agt. Charles T. Snedeker.

*Complaint — Answer.— Demurrer — When plaintiff may demur to answer — Demurrer to counter-claim, when defendant demands an affirmative judgment — Code of Civil Procedure, sections 494, 495, 496, 501.*

The complaint alleged that on a certain date defendant, by means of fraudulent representations, obtained money from plaintiff and gave him an instrument in writing, which was set forth, and continued in the ordinary form of a complaint in an action for fraud. Defendant pleaded as a defense that plaintiff, at about the time alleged in the complaint, agreed to carry on business with defendant and furnish the latter with $2,000 working capital, and in consideration thereof defendant agreed to become responsible for the amount stated in the complaint, and executed a paper similar to the one pleaded by plaintiff; that plaintiff had failed to furnish the amount aforesaid and perform his contract. In a separate defense defendant pleaded the same matter by way of counter-claim and demanded affirmative relief. Plaintiff demurred to the defense as insufficient in law upon the face thereof, and to the counter-claim as insufficient in law upon the face thereof, and upon the further ground that it did not state facts sufficient to constitute a cause of action:

*Held*, that the demurrer to the counter-claim should be overruled, but as to the defense it should be upheld.

A demurrer to a counter-claim must specify the objections to the counter-claim, otherwise it may be disregarded.

*New York Special Term, May,* 1884.

Demurrer to answer.

Plaintiff's complaint alleged that on a certain date defend-

Safford agt. Snedeker.

ant, by means of fraudulent representations, obtained money from plaintiff and gave him an instrument in writing, which was set forth and continued in the ordinary form of a complaint in an action for fraud. Defendant pleaded as a defense that plaintiff, at about the time alleged in the complaint, agreed to carry on business with defendant and furnish the latter with $2,000 working capital, and in consideration thereof defendant agreed to become responsible for the amount stated in the complaint, and executed a paper similar to the one pleaded by plaintiff; that plaintiff had failed to furnish the amount aforesaid and perform his contract. In a separate defense defendant pleaded the same matter by way of counter-claim and demanded affirmative relief. Plaintiff demurred to the defense as insufficient in law upon the face thereof, and to the counter-claim as insufficient in law upon the face thereof, and upon the further ground that it did not state facts sufficient to constitute a cause of action.

*Oswald Prentiss Backus*, for plaintiff:

I. Admitting that plaintiff had agreed to do all that defendant alleges that he did, the moment plaintiff discovered that defendant's representations, by which plaintiff was induced to enter into the contract, were false, he was no longer obliged to fulfill his part of the contract. Defendant's fraud vitiated the contract.

II. The counter-claim does not "arise out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, neither is it connected with the subject of the action. The subject of the action is fraud, of the counter-claim, contract. The transaction pleaded by plaintiff consists of fraudulent representations — that related by defendant an agreement to enter into business. The counter-claim could not in the nature of things arise out of the transaction which is the foundation of plaintiff's claim (*Code, sec.* 501; *People* agt. *Dennison et al.*, 84 *N. Y.*, 272).

III. The demurrer is sufficiently explicit. Section 494 of

VOL. LXVII 34

the Code allows of a demurrer to a counter-claim upon the ground that it is insufficient in law upon the face thereof. A failure to specify the particular defect under section 495, subdivision 4, is amendable under Code, section 723. An amendment to a demurrer may be granted by inserting a new ground of demurrer even after the case has been argued and submitted, provided a hearing on the amendment is allowed (*Pomesheik Co.* agt. *Cass Co., Sup. Ct. of Iowa,* 18 *North-Western R.,* 895). If necessary an amendment should be granted inserting the ground of demurrer specified in subdivision 4 of section 495 of the Code.

*L. Laflin Kellogg,* for defendant.

VAN VORST, *J.*— The plaintiff demurs to the defendant's counter-claim under section 494, and the fifth subdivision of section 495 of the Code. I do not think that the objections are well taken, for the matter pleaded is sufficient to constitute a cause of action. Upon the argument of the demurrer the principal ground of objection urged was that the cause of action disclosed by the counter-claim did not arise out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, and was not connected with the subject of the action. But no such objection to the pleading was raised by the plaintiff's demurrer. It is a distinct ground of demurrer under the Code, that the counter-claim does not disclose a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action (*Sec.* 495, *subd.* 4; *sec.* 501, *subd.* 1). And section 496 pro · vides that the demurrer must specify the objections to the counter-claim, otherwise it may be disregarded. As the objections raised by the plaintiff to the counter-claim are very technical, he must be held strictly to the letter of the law to prevail in his contention. In this he has failed.

The matter pleaded in the third defense is insufficient in statement to constitute an answer to the action, and in so far

as it is concerned the demurrer is sustained. But that defense becomes a part of the counter-claim which latter adopts it. The demurrer to the counter-claim is overruled, but as to the defense it is upheld. The plaintiff is however at liberty to withdraw his demurrer to the counter-claim and to reply to the same, and the defendant may amend his third defense.

As neither party has wholly succeeded, neither is entitled to costs.